IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                                                     3:02cr95/LAC
                                                                                            3:06cv79/LAC/MD

**STEVEN WATTS**

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 197). The government has filed a motion to dismiss the motion to vacate as untimely. (Doc. 201). Upon consideration of the record before the court, it is the opinion of the undersigned that the motion to dismiss should be denied and the government ordered to respond to the merits of the defendant's motion.

The defendant was convicted after a jury trial of conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base and more than five hundred (500) grams but less than five (5) kilograms of cocaine. (Doc. 138). He was sentenced on November 24, 2003 to a term of 364 months imprisonment, followed by ten years of supervised release, a fine of $1,000 and a $100 special monetary assessment. (Doc. 146, 147). His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeal on October 20, 2004. (Doc. 193). His petition for certiorari review with the United States Supreme Court was denied on February 22, 2005. *Watts v. United States*, 543 U.S. 1174, 125 S.Ct. 1369, 161 L.Ed.2d 158 (2005).

The instant motion was filed pursuant to the prison mailbox rule[1] on February 19, 2006. (Doc. 197).

Title 28 U.S.C. § 2255 now imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. The government concedes that February 22, 2005, the date that the United States Supreme Court denied certiorari, is the date that the defendant's conviction became final and the one year time period for filing a § 2255 motion began. *See Barnes v. United States*, 437 F.3d 1074 (11th Cir. 2006). Its assertion that the instant § 2255 motion was filed on February 26, 2006[2] overlooks the application of the prison mailbox rule, pursuant to which the defendant's motion was clearly timely.

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

[2] The court's electronic docketing system reflects that the motion was physically received by the clerk on February 28, 2006 and entered onto the docket the following day.

Case No: 3:02cr95/LAC; 3:06cv79/LAC/MD3

*Page 3 of 3*

**Accordingly, it is respectfully RECOMMENDED:**

**The government's motion to dismiss (doc. 201) be DENIED, and it be directed to respond to the defendant's motion to vacate within thirty days of an order adopting this recommendation.**

**At Pensacola, Florida, this 8th day of May, 2006.**

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** <u>See</u> **28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**