IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                              3:02cr95/LAC
                                                                 3:06cv79/LAC/MD

STEVEN WATTS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 197). The government has filed a response (doc. 205) and the defendant has filed a reply (doc. 207). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in one count of a four count indictment with conspiracy to distribute and to possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine and fifty gram or more of a mixture or substance containing cocaine base. (Doc. 27). After a jury trial, he was found guilty of the conspiracy charge, but the jury found that the evidence established that the offense conduct involved fifty grams or more of cocaine base, but less than 5 kilograms of cocaine. (Doc. 138). After amendment due to counsel's objections to the drug quantity calculation

and the application of the career offender provision, the PSR attributed 793.80 grams of cocaine base to the defendant, which equated to a base offense level of 36.  Factoring in a two level adjustment for obstruction of justice pursuant to § 3C1.1 of the sentencing guidelines, defendant's total offense level was 38 and his criminal history category was IV.  The applicable guidelines range was 324 to 405 months imprisonment.

He was sentenced to a term of 364 months imprisonment followed by ten years of supervised release, a fine of $1,000 and a $100 special monetary assessment.  Defendant's conviction and sentence were affirmed on appeal,[1] and his petition for certiorari review with the United States Supreme Court was denied on February 22, 2005.  *Watts v. United States,* 543 U.S. 1174, 125 S.Ct. 1369, 161 L.Ed.2d 156 (2005).

In the present motion, defendant contends that his sixth amendment right to a jury trial was violated, that the jury failed to find a particular drug quantity, and that counsel was ineffective for failing to file a petition for rehearing.   The government opposes the motion in its entirety, contending that the first two claims are simply *Booker* arguments made without citation to *Booker* itself, and that the ineffective assistance of counsel claim is too vague and speculative to warrant § 2255 relief.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. §

---

[1] On appeal, defendant argued that: (1) the district court erred in admitting into evidence audio tapes and transcripts of conversations between him and others that had not been properly authenticated; (2) drugs seized during a search of his car should have been suppressed because the search was illegal; (3) there was no evidence that the nine ounces of cocaine seized from his rental car were part of the charged conspiracy and thus this amount should not have been included in the district court's calculations of drug quantity; and (4) the prosecutor's statements during closing argument denied him a fair trial by shifting the burden of proof. (Doc. 193 at 2).  With respect to the second issue, the appellate court noted that it had already decided this question adversely to the defendant on an interlocutory appeal taken by the government after the motion to suppress had been granted.

2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Defendant first contends that his sentence was unjustly enhanced by a "charge of perjury" that was not presented to the jury, and that counsel was ineffective for his failure to make this argument. Defendant obviously refers to the two level obstruction of justice enhancement. As noted above, the government argues that defendant's claim is merely

an argument made pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that until the Supreme Court rules otherwise, this court is bound by the Eleventh Circuit's decision in *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005), holding that *Booker* is not retroactive on collateral review.  See also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly).  Defendant argues in his reply memorandum, splicing hairs, that his argument must be considered in light of both *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), and *Booker.  Apprendi,* of course, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  The statutory maximum for an individual such as the defendant who was convicted of an offense involving fifty (50) grams or more of a mixture or substance containing cocaine base pursuant to 21 U.S.C. § 841(b) is life imprisonment.  Therefore, the two level adjustment for obstruction of justice was not violative of the principles set forth in *Apprendi*, because it did not increase his sentence above the statutory maximum.

Additionally, defendant has not suggested any factual basis for a challenge to the obstruction of justice adjustment.  He openly testified at trial that he was a drug dealer, but denied having anything to do with the distribution of cocaine in the charged conspiracy. (Doc. 158 at 222-279).  He claimed that the witnesses against him had all lied about his involvement, and that the police had planted the cocaine that was found secreted in his rental vehicle.  In order to convict him, the jury, of necessity, had to find that his testimony was untrue.  Therefore, the undisputed facts triggered the obstruction of justice enhancement, see, e.g., *United States v. Mathis,* ___ F.3d ___, 2006 WL 2087568 (11th Cir. 2006), and there is no basis for relief.

Defendant's second argument relating to drug quantity is unclear.  He appears says that the jury failed to determine a specific drug quantity, although the verdict form clearly reflects that the jury did make specific factual findings about the quantity of drugs

attributable to him. (Doc. 138). His assertion is factually incorrect, and he is not entitled to relief.

Defendant's final claim is that counsel was ineffective because he failed to move for a rehearing. No factual detail is provided in the original motion, although in his reply he indicates that counsel should have moved for rehearing based on *Booker*. To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069. To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629). In this case, the court will consider the argument or clarification contained in the defendant's reply memorandum as though it had been presented in his initial motion.

In order to preserve a *Blakely*[2]/*Booker* claim, a defendant either must (1) refer to the Sixth Amendment; (2) *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or another related case; (3) assert the right to have the jury decide the disputed fact; or (4) raise a challenge to the role of the judge as factfinder. *United States v. Dowling*, 403 F.3d 1242, 1246 (11th Cir. 2005). Counsel did not raise any of these issues on appeal, and a petition for rehearing based on *Booker* would almost certainly have been denied. Even in cases where *Blakely* or *Booker* was decided during the pendency of the direct appeal, after briefing but before a final decision, the Eleventh Circuit

---

[2]***Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).**

has denied motions to supplement.  See *United States v. Higdon*, 418 F.3d 1136 (11th Cir. 2005).  In *Higdon,* the defendant filed a petition for rehearing en banc based on the court's denial of his motion to supplement.   In denying his petition for rehearing, the court noted that defendant had not challenged the constitutionality of any extra-verdict sentencing enhancement or asserted that the district court lacked the authority to impose the enhancements under a preponderance of the evidence standard in either the district court or in his initial brief on appeal, but had done so only in his motion to file a supplemental brief.  *Id.* 418 F.3d at 1137.  The court stated that it:

> has repeatedly followed the prudential rule that new issues not raised in opening briefs will not be considered by the court. See e.g., *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005); *United States v. Verbitskaya*, 406 F.3d 1324, 1339-40 (11th Cir. 2005); *United States v. Day*, 405 F.3d 1293, 1294 n. 1 (11th Cir. 2005); *United States v. Dockery*, 401 F.3d 1261 (11th Cir. 2005); *United States v. Ardley*, 273 F.3d 991, 991-95 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc) (collecting cases); *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000).  Thus, this Court, consistent with this rule, denied Higdon's motion and refused to consider his belated attempt to raise a *Blakely* issue in supplemental briefing.

*Id.*, 418 F.3d at 1137. The court further explained that in the event that new authority comes to light after a brief is filed, parties may submit supplemental authority on "intervening decisions or new developments" regarding issues already properly raised in the initial briefs, or they can seek permission to file supplemental briefs on this new authority.  *Id.*  418 F.3d at 1137 n.2.  (Citing *Nealy*, 232 F.3d at 830 (internal citations omitted)).   However litigants cannot raise entirely new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority.  *Id.*  The court also noted on remand by the Supreme Court that it had recently denied the appeal of a defendant raising a *Booker* claim because he had failed to raise it either in the district court or in the initial brief.  *United States v. Higdon*, 159 Fed.Appx. 96 (11th Cir. 2005) (citing *United States v. Dockery*, 401 F.3d 1261 (11th Cir. 2005)).  Therefore, failure to raise a *Booker*, *Blakely* or related claim earlier is dispositive of a defendant's belated attempt to present such a claim for the first time in a supplemental brief, or presumably in a petition for rehearing.  *See also United States v. Alexis*, 146

Fed.Appx. 469 (11th Cir. 2005), *cert denied*, *Alexis v. United States,* 126 S.Ct. 1488 (2006); *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005); *United States v. Levy,* 416 F.3d 1273 (11th Cir. 2005).

Furthermore, to the extent defendant might wish to argue that counsel was ineffective in not raising *Blakely/Booker* issues at sentencing, such an argument also fails. Trial counsel's failure to predict a change in the law does not constitute deficient performance. *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'") (citations to three other Eleventh Circuit decisions omitted); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ("[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony.") *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law")). This is true even when the change is such that the forfeited issues was, in hindsight, a sure winner. *Id.* (Citing *Wright v. Hopper*, 169 F.3d 695, 707-708 (11th Cir. 1999) (*Batson* issue); *Elledge v. Dugger*, 823 F.2d 1439, 1443 (11th Cir. 1987) (*Michigan v. Mosley* issue); *Thompson v. Wainwright*, 787 F.2d at 1459 n. 8 (*Ake* issue)).[3] Therefore, defendant has not shown that

---

[3]The irony, and potential inequity of this position does not escape the court. Neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987). Therefore, in order for a defendant whose case was pending on appeal when *Blakely* or *Booker* was decided to have benefitted from those cases, counsel would

counsel's failure to file a petition for rehearing was constitutionally deficient and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 197)  be DENIED.

At Pensacola, Florida, this 11th day of August, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

essentially have to have anticipated a change in the law, which is not constitutionally required under *Strickland*.

*Case No: 3:02cr95/LAC; 3:06cv79/LAC/MD*